**Reverse and Remand; Opinion Filed November 26, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-11-00228-CV**

_____

**JOSE FUENTES CO., INC., D/B/A GLORIA'S, GLORIA RUBIO, JOSE FUENTES, G. RUBIO ENTERPRISES, INC., J. F. GREENVILLE COMPANY, INC., J. FUENTES COLLEYVILLE, L.P., JOSE FUENTES COLLEYVILLE, INC., CARLOS FUENTES, INC., GLORIA'S FORT WORTH RESTAURANT, L.P., GLORIA FUENTES, INC., J. FUENTES ROCKWALL, L.P., JOSE FUENTES ADDISON, INC., GLORIA'S FIREWHEEL RESTAURANT, INC., J. FUENTES ARLINGTON, L.P., GLORIA'S DOMAIN, INC., AND NANCY FUENTES FAIRVIEW, INC., Appellants**

**V.**

**MARIO ALFARO, MARIO SABINO'S, INC. AND SABINO VALLE, Appellees**

_____

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-13240**

_____

**OPINION**

Before the Court En Banc
Opinion by Justice Evans

The Court decides this appeal en banc to resolve the important issues raised regarding no-evidence summary judgment practice. Appellants complain that a no-evidence motion for summary judgment that challenges "one or more" of the listed elements of each of appellants' claims—without identifying the specific element or elements being challenged—is legally insufficient. We conclude such a motion fails to meet the standard of specificity mandated by rule 166a(i) of the Texas Rules of Civil Procedure because it fails to identify what element or elements are being challenged. We further conclude there is no "fair notice" exception to the rule that would force a non-movant to present evidence in support of an element that is not

specifically identified as a challenged element. Finally, because appellees' motion is clearly insufficient, we conclude it may be challenged for the first time on appeal. We reverse the trial court's judgment and remand the cause for further proceedings.

## FACTUAL BACKGROUND

Gloria Rubio and Jose Fuentes are the founders and current owners of a restaurant chain known as "Gloria's." Gloria's menu focuses on Salvadoran, Mexican, and Tex-Mex cuisine. According to appellants, they spent significant time and money researching recipes, food preparation, and restaurant decoration, which they claim resulted in customer loyalty, recognition, and financial success. Appellants assert that their research produced trade secrets known only to Rubio, Fuentes, and Gloria's employees, and that they had contractual relationships with both their employees and their suppliers.

Mario Alfaro worked as a manager at Gloria's for twenty years. Alfaro then left Gloria's to start a new restaurant, Mario Sabino's, with his business partner, Sabino Valle. Mario Sabino's served food similar to that found on Gloria's menu. Appellants claim that appellees used confidential information, misappropriated trade secrets including recipes, and tortiously interfered with Gloria's contractual relations by recruiting Gloria's employees to unlawfully compete with Gloria's.

Appellants sued for tortious interference with business relations, misappropriation of trade secrets, and conversion. Appellants' fourth amended petition set forth thirty-two paragraphs of factual allegations and then, as to each cause of action, incorporated all thirty-two paragraphs by reference and pleaded the elements of each claim. In response, appellees filed a motion for no-evidence summary judgment asserting that appellants had no evidence to support "one or more" of the elements of each of their asserted claims. The motion referred to the page numbers of appellants' petition on which each claim was asserted, listed the essential elements of

–2–

the claim, and concluded by stating that appellants "have no evidence on one or more elements of this cause of action." The motion contained no argument or other discussion of any specific element of appellants' claims. Appellants responded by endeavoring to bring forward some evidence in support of their factual allegations and multiple theories of recovery as to each element of all three of their causes of action. The parties then briefed the adequacy of appellants' proffered evidence to support each of appellants' causes of action. Following a hearing, the trial court granted appellees' motion on all claims. Through severance of some claims and parties and non-suits of others, the summary judgment became final. This appeal ensued.

## ANALYSIS

### I. REQUIRED SPECIFICITY FOR NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

In reviewing a motion for no-evidence summary judgment, this Court adheres closely to the text of rule 166a(i) and the comment to that rule informing its construction. *See Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 888 (Tex. App.—Dallas 2011, no pet.). The rule requires the movant in a no-evidence summary judgment motion to specifically state which elements of the non-movant's claims lack supporting evidence. TEX. R. CIV. P. 166a(i). The comment to the rule states that the motion "must be specific in challenging the evidentiary support for an element of a claim or defense," and the rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Id.* 1997 cmt. A no-evidence motion that only generally challenges the sufficiency of the non-movant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law. *See Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 805 (Tex. App.—Dallas 2008, pet. denied). A no-evidence motion for summary judgment may be directed at specific factual theories or

–3–

allegations within a claim or defense *only* if the challenge to the factual allegation is connected to a no-evidence challenge to a specified element of a claim or defense. *Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 819 (Tex. App.—Corpus Christi 2009, pet. denied) ("[A] motion for no-evidence summary judgment that only generally attacks a factual theory, without specifying the elements of the claims being attacked, is insufficient to support a no-evidence summary judgment."); *Pakideh v. Pope*, No. 13-08-00560-CV, 2010 WL 3820899, at *4–5 (Tex. App.—Corpus Christi Sept. 30, 2010, no pet.) (mem. op.) (no-evidence challenge to fourteen factual allegations not connected to a no-evidence challenge to an element of a claim was defective); *see also Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3–4 (Tex. App.—San Antonio 2000, pet. denied).

In this case, appellees' motion for no-evidence summary judgment identified each of appellants' claims, gave the page number in the petition where the claim could be found, and listed the essential elements of each claim. The motion asserted, both before and after listing the elements of each claim, that appellants had no evidence to support "one or more" of the elements of the claim. The motion contains no further discussion regarding any of the claims or their elements. In their first issue on appeal, appellants contend the motion was legally insufficient to support summary judgment because the motion failed to "state the elements as to which there is no evidence" as required by the rule.

Appellees respond that the language of the motion was sufficient to inform appellants that they were moving for summary judgment on the ground that there was no evidence to support "each and every" element of appellants' claims. In making this argument, appellees equate the phrase "one or more" with the phrase "each and every." The two phrases, however, are fundamentally different. The phrase "each and every" clearly has the single meaning of "all." In contrast, the phrase "one or more" means "at least one" but also potentially "several" or

"all." It is in exactly this sense that the phrase is used in rule 166a(i) when it permits a movant to seek a no-evidence summary judgment on the ground that there is no evidence of "one or more" essential elements of a claim. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 861 (Tex. App.—Dallas 2005, no pet.) (rule 166a(i) does not limit number of elements that may be challenged in no-evidence motion). But the rule requires that each element challenged must be specifically identified as such, so the non-movant is not left to guess which elements the movant challenges. When a movant uses a word or phrase that does not clearly identify which element or elements the motion challenges, it is the obligation of the movant to provide a rational basis in the motion for the non-movant to eliminate other possible alternative meanings of the unclear identification of the challenged element or elements; otherwise, the motion is legally insufficient. By only challenging "one or more" listed elements, this no-evidence motion failed to specify even a single element that was challenged.

Appellees argue that the combination of identifying "the claims plead by the Plaintiffs, the elements of each cause of action, and that they have no evidence on one or more elements of the cause of action" renders the motion "simple, clear and unambiguous." The fact that appellees' motion references the page number in appellants' petition where the elements of each claim are alleged and thirty-two paragraphs of factual allegations are incorporated by reference, together with a listing of the elements in the no-evidence motion itself, does nothing to inform appellants about which elements of each claim the motion challenges. This combination even in close proximity, without more, does nothing to clarify the scope of the motion.

Appellees argue in detail about the sufficiency of appellants' responsive evidence to support each factual theory of recovery within each of appellants' claims. In so doing, appellees contend the no-evidence motion is legally sufficient to challenge not only each element of each claim but also each factual theory of recovery within each claim. Although we agree that a

motion for no-evidence summary judgment *may* challenge distinct factual allegations and theories of recovery—*see* rule 166a(e)—such a challenge *must* be specific and connected to a particular element of a cause of action or defense to meet the requirements of the rule. *See* TEX. R. CIV. P. 166a(i); *Garcia*, 287 S.W.3d at 819; *Pakideh*, 2010 WL 3820899, at *4–5. In this case, appellees' motion does not challenge any specific facts alleged by appellants, but only cites the page number of the petition where all thirty-two factual paragraphs are incorporated by reference into each asserted cause of action. Such a general allusion to the facts cannot provide the basis for a specific no-evidence challenge to specific factual allegations or theories.

The purpose of a motion for no-evidence summary judgment is to assess the proof on an element of a claim or defense the movant believes *in good faith* is unsupported by evidence, after there has been adequate time for discovery, to determine if there is a genuine need for trial. *See Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (West 2002) (signing motion certifies movant's belief that contention made is warranted by existing law and evidence). To force a non-movant to produce proof on all elements of its claim when the movant has simply challenged "one or more" elements would require the non-movant to unnecessarily produce its evidence on an element or elements the movant may have no reasonable basis to challenge. Indeed, appellants point out in their reply brief that they did exactly this: they filed approximately one hundred pages of responsive material out of an abundance of caution—concerned that the trial court might pass over the deficiencies of this motion and reach the merits. This result renders the rule's specificity requirement meaningless, allows movants to sidestep the requirement that a no-evidence challenge be based on a good faith belief to challenge a specific element or elements, and expands no-evidence summary judgment practice far beyond its intended scope. The rule's specificity requirement is critical to preventing unnecessary production of evidence out of

uncertainty regarding which of several possible meanings a court may interpret a no-evidence motion to include in its scope.

Texas courts that have addressed no-evidence motions using the same or similar wording have found the motions legally insufficient to support summary judgment on elements that were not specifically identified. In *Keathley v. Baker*, No. 12-07-00477-CV, 2009 WL 1871706, at *4 (Tex. App.—Tyler June 30, 2009, no pet.) (mem. op.), the court concluded that a motion challenging "one or more" elements of the plaintiff's breach of contract and DTPA claims was conclusory because it failed to challenge specific elements and could not support summary judgment on those claims. In *Fernea v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 03-09-00566-CV, 2011 WL 2769838, at *3 (Tex. App.—Austin July 12, 2011) *appeal abated*, No. 03-09-00566-CV, 2011 WL 4424291 (Tex. App.—Austin Sept. 23, 2011, no pet.), a movant's challenge was stated as, "there is no evidence of one or more essential elements of the Plaintiff's causes of action against Merrill Lynch." The court decided "such a statement does not, by itself, meet the requirements of a no-evidence motion for summary judgment." *Id*. In *Callaghan Ranch*, the movant listed the elements of the plaintiff's claim for implied dedication and contended there was "at least one element" the plaintiff could not satisfy. *Callaghan Ranch*, 53 S.W.3d at 4. The movant went on, however, to specifically discuss the element of acceptance. *Id*. The court addressed the element specifically discussed by the movant, but the language "at least one element," even in conjunction with a listing of the elements, was insufficient to raise a challenge to any other element. *Id*. We conclude the decisions in these cases align with our analysis here and are supported by a plain reading of rule 166a(i) and its comment.

## II. FAIR NOTICE

Appellees contend that, at a minimum, their motion provided appellants with fair notice of the elements being challenged, thereby satisfying the requirements of rule 166a(i). They

argue that we should discern fair notice based on appellants' thorough response to the motion and the detailed briefing on the issues in the trial court. We decline to recognize a fair notice exception to the rule. *See Bever*, 355 S.W.3d at 888 (citing *Mott*, 249 S.W.3d at 98, favorably for proposition that fair notice exception does not extend to elements requirement of no-evidence motion for summary judgment).

Appellees support their fair notice argument by citing *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). In *Timpte Industries*, the plaintiff contended that a no-evidence motion only challenged one element, but not a second element, of the plaintiff's product liability claim. *Id*. at 310. The supreme court observed that immediately after listing the elements of the claim, the no-evidence motion expressly challenged two elements of the plaintiff's claim and repeated the challenge to the same two elements at the conclusion of the motion. *Id*. at 311. The court determined this met the specificity requirements of rule 166a(i). *Id*. In its reasoning, the court stated the purpose of the rule was "'to provide the opposing party with adequate information for opposing the motion.'" *Id*. (quoting *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)). Then the court "analogized this purpose to that of the 'fair notice' pleading requirements of Rules 45(b) and 47(a)." *Id.* But the supreme court clearly required the no-evidence motion to specifically identify the challenged elements to satisfy the requirements of rule 166a(i). Accordingly, *Timpte Industries* does not substitute a general fair notice standard for the specificity requirement of rule 166a(i), and neither do we.

Rule 166a(i) unconditionally requires a movant to specify the elements as to which there is no evidence. *See* TEX. R. CIV. P. 166a(i). We apply the rule strictly so as not to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *See Compton v. Calabria*, 811 S.W.2d 945, 949 (Tex. App.—Dallas 1991, no writ). The rule provides no latitude to allow movants to avoid the requirement of specificity by claiming the non-movant had

"fair notice" of what the motion was intended to challenge. *See Mott*, 249 S.W.3d at 98. Rather, the rule specifies the manner in which the movant provides the "adequate information" discussed in *Timpte Industries*: that is, by specifying which elements of the non-movant's claim or defense lack supporting evidence. *See* TEX. R. CIV. P. 166a(i).

Traditional summary judgments cannot be upheld upon grounds not raised in the motion for summary judgment. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 218 (Tex. 2000); *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983). This prohibition applies to no-evidence summary judgments as well. *See Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 387 (Tex. App.—Fort Worth 2003, pet. denied); *Callaghan Ranch*, 53 S.W.3d at 4; *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147–48 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see also* TEX. R. CIV. P. 166a cmt. (no-evidence motion for summary judgment "must be specific in challenging the evidentiary support for an element of a claim or defense"). The comment is clear that the rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." TEX. R. CIV. P. 166a(i) 1997 cmt. Appellants' argument that a fair notice standard should be substituted for the specificity requirement of rule 166a(i) runs contrary to both the rule and controlling authorities.

Furthermore, given the complete absence of specificity in the motion at issue, we cannot conclude appellants had any notice as to which elements of their claims appellees were challenging. The fact that appellants, out of an abundance of caution, chose to address all of the elements of each of their factual theories of each of their claims in response to the motion does not transform appellees' conclusory motion into a legally sufficient no-evidence motion for summary judgment.

## III. WAIVER

Finally, appellees argue that appellants failed to challenge the sufficiency or clarity of the motion in the trial court.[1]  Appellees would have us apply traditional summary judgment standards to no-evidence motions when they argue that appellants "did not move for a continuance of the hearing [and] did not file any special exceptions to the Motion . . . ."  *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) ("An exception is required should a non-movant wish to complain on appeal that the grounds [in a traditional motion for summary judgment] relied on by the movant were unclear or ambiguous.").  We disagree.

This Court has held that the legal sufficiency of a no-evidence motion for summary judgment may be challenged for the first time on appeal in the same manner as a challenge to the legal sufficiency of a traditional motion for summary judgment.  *See Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 562–63 (Tex. App.—Dallas 2004, pet. denied); *Preston Nat'l Bank v. Stuttgart Auto Ctr. Inc.*, 05-09-00020-CV, 2010 WL 3310727, at *2 (Tex. App.—Dallas Aug. 24, 2010, no pet.) (mem. op.); *Monroe v. Dallas Cnty.*, 05-07-01630-CV, 2009 WL 2569449, at *4 (Tex. App.—Dallas Aug. 21, 2009, no pet.) (mem. op.); *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex. App.—Dallas 2002, no pet.); *Gross v. Methodist Hosps. of Dallas*, 05-00-02124-CV, 2002 WL 1380399, at *3 (Tex. App.—Dallas, June 27, 2002, no pet.) (op. on reh'g) (not designated for publication).[2]  Traditional motions for summary judgment are based on argument for the relief sought supported by evidence supplied with the motion.  This corpus of material provides information from which the non-movant can determine

---

[1] We note that in the trial court, appellants mentioned in their response to appellees' no-evidence motion that the elements challenged were not specified and, therefore, the motion was insufficient.

[2] *Accord In re Estate of Swanson*, 130 S.W.3d 144, 147 (Tex. App —El Paso 2003, no pet.); *Cuyler v. Minns*, 60 S.W.3d 209, 213 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Callaghan Ranch*, 53 S.W.3d at 3.

the scope of the motion. With all the contents of a traditional motion for summary judgment, it is appropriate to require an exception or objection in the trial court if a non-movant claims the traditional motion is ambiguous as to what grounds form its basis.

But an exception or objection in the trial court is not required when a traditional motion fails to present any ground for summary judgment on a claim or defense. *McConnell*, 858 S.W.2d at 342 ("summary judgments must stand or fall on their own merits, and the non-movant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right"). We are not permitted to "read between the lines" or infer from the pleadings any grounds for granting summary judgment other than those grounds expressly set forth before the trial court. *See Nall v. Plunkett,* 404 S.W.3d 552, 555 (Tex. 2013). A motion for no-evidence summary judgment that does not specify the element or elements that are being challenged does not provide *any ground* upon which the trial court can grant summary judgment. Given the brevity of no-evidence summary judgment motions, which are often lacking significant argument in support of the relief sought, there is nothing to provide guidance as to the basis or the scope of the motion except the identification of the challenged elements. Thus, while a nonspecific and conclusory motion for no-evidence summary judgment is inherently ambiguous, it is also insufficient as a matter of law and does not require an objection. *See Callaghan*, 53 S.W.3d at 3.

### CONCLUSION

Based on the foregoing, we conclude appellees' motion for no-evidence summary judgment is insufficient as a matter of law. We resolve appellants' first issue in their favor. It is unnecessary for us to address the remaining issues presented by the parties. *See* TEX. R. APP. P. 47.1.

–11–

We reverse the trial court's judgment and remand the cause for further proceedings.

/David Evans/
DAVID EVANS
JUSTICE

O'Neill, J., dissenting

110228F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSE FUENTES CO., INC., D/B/A
GLORIA'S, GLORIA RUBIO, JOSE
FUENTES, G. RUBIO ENTERPRISES,
INC., J. F. GREENVILLE COMPANY,
INC., J. FUENTES COLLEYVILLE, L.P.,
JOSE FUENTES COLLEYVILLE, INC.,
CARLOS FUENTES, INC., GLORIA'S
FORT WORTH RESTAURANT, L.P.,
GLORIA FUENTES, INC., J. FUENTES
ROCKWALL, L.P., JOSE FUENTES
ADDISON, INC., GLORIA'S FIREWHEEL
RESTAURANT, INC., J. FUENTES
ARLINGTON, L.P., GLORIA'S DOMAIN,
INC., AND NANCY FUENTES
FAIRVIEW, INC., Appellants

No. 05-11-00228-CV     V.

MARIO ALFARO, MARIO SABINO'S,
INC., AND SABINO VALLE, Appellees

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-13240.
Opinion delivered by Justice Evans.
Court sitting en banc.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants JOSE FUENTES CO., INC., D/B/A GLORIA'S, GLORIA RUBIO, JOSE FUENTES, G. RUBIO ENTERPRISES, INC., J. F. GREENVILLE COMPANY, INC., J. FUENTES COLLEYVILLE, L.P., JOSE FUENTES COLLEYVILLE, INC., CARLOS FUENTES, INC., GLORIA'S FORT WORTH RESTAURANT, L.P., GLORIA FUENTES, INC., J. FUENTES ROCKWALL, L.P., JOSE FUENTES ADDISON, INC., GLORIA'S FIREWHEEL RESTAURANT, INC., J. FUENTES ARLINGTON, L.P., GLORIA'S DOMAIN, INC., AND NANCY FUENTES FAIRVIEW, INC. recover their costs of this appeal from appellees MARIO ALFARO, MARIO SABINO'S, INC., AND SABINO VALLE.

Judgment entered this 26th day of November, 2013.

/David Evans/
DAVID EVANS
JUSTICE