**REVERSE in part; REMAND and Opinion Filed November 30, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00492-CV**

**GBENGA M. FUNMILAYO, Appellant**
**V.**
**ARESCO, LP AND BRANDON LAXTON, Appellees**

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-02520-2019**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

Gbenga M. Funmilayo, representing himself pro se, appeals a summary judgment rendered by a special judge and memorialized in an order of the trial court. Funmilayo asserts ten issues generally challenging the special judge's rulings, the sufficiency of the summary judgment motions filed by appellees, and the sufficiency of the evidence supporting those motions. For the reasons that follow, we reverse the trial court's judgment in part and remand the cause for further proceedings.

## Background

At issue in this case are various joint venture and subscription agreements entered into by Funmilayo, his closely held limited liability company, Velandera Petrophysical Consulting LLC, and Aresco, LP. After disputes arose concerning the agreements, Aresco filed a declaratory judgment action and a motion for referral of the case to a special judge.

In its petition, Aresco sought declarations including (1) Aresco's conduct and actions have been proper with respect to Funmilayo and Velandera, (2) Funmilayo and Velandera have no cause of action against Aresco, and (3) any cause of action held by Funmilayo or Velandera is time barred. Aresco requested the appointment of the Honorable John McClellan Marshall as special judge to hear the case pursuant to a dispute resolution provision in the agreements. In response to the special judge request, Funmilayo filed a motion to transfer venue from Collin County to Dallas County. The trial court denied the motion to transfer venue and granted Aresco's request to appoint Judge Marshall as special judge.

Several weeks later, Aresco filed a motion for summary judgment on its requests for declaratory judgment. In support of the motion, Aresco submitted the declaration of Aresco's president, Brandon Laxton, which set forth Laxton's version of the facts leading up to the suit. In addition, Aresco stated that "confidential information memorandums, subscription agreements, purchaser questionnaires, and joint venture agreements contain[ing] personal information of Defendants" were

being submitted in support of the motion, but would not be filed of record. Instead, Aresco stated those documents would be emailed to Judge Marshall and the defendants separately.

As grounds for summary judgment, Aresco asserted that "[b]ased on Brandon Laxton's declaration, and after reviewing the respective confidential memorandums and joint venture agreements, there is no evidence Aresco's conduct has been improper in any way." Similarly, Aresco contended that "[b]ased on Brandon Laxton's declaration and after reviewing the respective confidential memorandums and joint venture agreements, Defendants' causes of action, if any, are timed barred." The latter contention was followed by a chart setting out the dates the joint venture and subscription agreements were made and the limitations periods for eight different causes of action.

Five days after Aresco filed its motion for summary judgment, Funmilayo filed counterclaims against Aresco and cross-claims against Laxton for fraud, fraudulent inducement, fraudulent misrepresentation, forgery, and breach of fiduciary duty. Funmilayo brought the claims individually and "derivatively on behalf of Velandera or, in the alternative, as a direct action."

Aresco then filed a supplement to its motion for summary judgment stating simply that Aresco and Laxton were "mov[ing] for summary judgment based on the same grounds and evidence" as asserted in the original summary judgment motion.

Aresco and Laxton also moved to strike any pleading filed by Velandera because the company was not represented by an attorney.

In his response to the summary judgment motions, Funmilayo contended there were disputed material fact issues precluding summary judgment. In support of this argument, Funmilayo submitted his own declaration which set forth a different version of the facts leading up to the lawsuit than was stated in Laxton's declaration. Funmilayo further contended the discovery rule tolled the limitations period on his claims because he did not discover the fraud committed by Aresco and Laxton until more than a year after the agreements were signed. All of the claims brought by Funmilayo were filed within the limitations periods following the date he asserts he discovered the injury.

Finally, with respect to Aresco and Laxton's request that the court strike any pleading filed by Velandera, Funmilayo argued Velandera had not filed any pleadings. Instead, Funmilayo stated his claims were filed on his own behalf and derivatively as a member of Velandera representing the company's interests. In their reply, Aresco and Laxton argued that Funmilayo could not bring a derivative action on behalf of Velandera because there was no evidence Funmilayo made a demand on Velandera to take action and the company had refused to do so. They further argued that Funmilayo could not rely on the discovery rule to toll limitations because he had discovered his injury within the limitations period.

Four days after Aresco and Laxton filed their reply, Judge Marshall signed a final summary judgment setting forth the following declarations:

> [Aresco's] conduct and actions have been proper with respect to the subscription and joint venture agreements;
>
> [Funmilayo and Velandera] have no cause of action against [Aresco] and its officers and employees;
>
> Defendant Funmilayo has no standing to assert derivative claims on behalf of Velandera, LLC;
>
> Velandera, LLC is not represented by a licensed attorney; and,
>
> [Funmilayo and Velandera's] causes of action, whether asserted as direct claims on behalf of an individual plaintiff or as a derivative claim brought on behalf of a corporate party, if any, are time barred.

The judgment went on to award Aresco costs and attorney's fees and stated all other relief requested was denied.

Two days after signing the summary judgment, Judge Marshall signed an "Order of Voluntary Recusal" in which he *sua sponte* recused himself as special judge based on "the interest of judicial economy along with the appearance of propriety." Following a request by both parties, the trial court signed an order memorializing the summary judgment as the final verdict of the court.[1]

---

[1] The parties requested the order following a jurisdictional letter from this Court stating that an appeal in a case referred to a special judge must be from an order of the referring court memorializing the finality of the case. *See Rainier Income Fund I, Ltd. v. Gans*, 501 S.W.3d 617, 621 (Tex. App.—Dallas 2016, pet. denied).

**Analysis**

In his appeal, Funmilayo asserts ten issues challenging the summary judgment. Because Funmilayo makes many of the same arguments in connection with multiple issues, we will address the arguments necessary to resolve the appeal as they relate to the individual declarations made by the trial court.

## I. Declaration of Proper Conduct and "No Cause of Action."

We first address the special judge's declarations that Aresco's actions were proper with respect to the agreements and that Funmilayo has no cause of action against Aresco, its officers, or its employees. We do not discuss the propriety of Aresco and Laxton's request for a declaration of non-liability in tort[2] and instead address the judgment to the extent it concludes Aresco and Laxton are entitled to judgment as a matter of law on the claims asserted by Funmilayo.

Funmilayo contends the special judge erred in granting summary judgment against him because the motion and supplemental motion filed by Aresco and Laxton failed to negate any of the elements of his causes of action or even reference any of his claims. We agree.

Summary judgment in favor of a party against whom claims have been made is proper only if that party disproves at least one element of each of the opposing party's claims or affirmatively establishes each element of an affirmative defense.

---

[2] *See In re Houston Specialty Ins. Co.*, 569 S.W.3d 138, 141 (Tex. 2019).

*Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). In the motion for summary judgment, the movant must expressly present the grounds upon which the motion is made. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). A "ground" is a reason the movant is entitled to judgment and is not presented by mere reference to the summary judgment evidence. *McConnell*, 858 S.W.2d at 341; *Mid S. Constructors, L.C. v. Malone Mortg. Co. Am., Ltd.*, No. 05-01-00245-CV, 2002 WL 851739, at *2 (Tex. App.—Dallas May 6, 2002, no pet.). The nonmovant need not object to a summary judgment motion that presents no grounds because such a motion is insufficient as a matter of law. *McConnell*, 858 S.W.2d at 342.

In this case, the only "ground" asserted for summary judgment on the merits of Funmilayo's claims was the statement that Laxton's declaration and the summary judgment evidence showed Aresco's conduct was proper. The motions make no reference to any element of Funmilayo's causes of action and there is no argument as to how the evidence demonstrates Aresco and Laxton are entitled to judgment as a matter of law. As stated above, a ground for summary judgment is not sufficiently presented by mere reference to the evidence. *Id*. at 341.

Even if we were to liberally construe Aresco and Laxton's argument that "there is no evidence Aresco's conduct has been improper in any way" as a request for a no-evidence summary judgment, the motions are still deficient. "A no-evidence motion that only generally challenges the sufficiency of the non-movant's

case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law." *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied) (en banc). Passing references will not suffice to raise no-evidence summary judgment grounds. *Id*. at 284. Because Aresco and Laxton's motions for summary judgment on the merits of Funmilayo's claims were insufficient as a matter of law, the trial court erred in granting judgment in favor of Aresco and Laxton on that basis.

## II. Declaration that Funmilayo's Claims are Time-Barred.

Funmilayo asserts the special judge erred in holding his claims were barred by the applicable statutes of limitations because Aresco and Laxton failed to prove when his causes of action accrued and did not negate the applicability of the discovery rule. Aresco and Laxton's request for summary judgment on the basis of limitations was nearly identical to its request for summary judgment on the merits. They simply referred to the summary judgment evidence as demonstrating their entitlement to judgment. Once again, this is insufficient to support summary judgment as a matter of law. *McConnell*, 858 S.W.2d at 341. The only additional information Aresco and Laxton provided was a chart showing the dates the parties entered into the joint venture and subscription agreements and the limitations periods for various causes of action. But the motions provided no argument or authority to show that Funmilayo's claims accrued at the time the agreements were made.

Furthermore, the burden was on Aresco and Laxton to negate the applicability of the discovery rule. *See Draughon v. Johnson*, 631 S.W.3d 81, 90 (Tex. 2021). Funmilayo contended below that his claims were brought timely because the discovery rule tolled the accrual date of his claims until he discovered his injury more than a year after the agreements were made. In response, Aresco and Laxton argued only that the discovery rule did not apply because Funmilayo discovered his injury within the limitations period. This argument misapplies the discovery rule.

The discovery rule applies to injuries that are inherently undiscoverable. *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 721 (Tex. App.—Dallas 2015, no pet.). "Inherently undiscoverable" does not mean that the claimant failed to discover the injury within the limitations period. *Id.* Instead, whether a claim is inherently undiscoverable is determined on a categorical basis. *Id.* To be entitled to summary judgment, Aresco and Laxton were required to show that Funmilayo's alleged injury was the type of injury that generally is discoverable by the exercise of reasonable diligence. *Id.* The motions for summary judgment made no attempt at such a showing.

On appeal, Aresco and Laxton argue the special judge's limitations ruling should be upheld because Funmilayo's fraud claims fail in the face of a clearly written contract and he has not brought forward any documents to demonstrate a breach of fiduciary duty. Neither of these arguments was made below and both go to the merits of Funmilayo's claims rather than whether the claims are time-barred.

Because Aresco and Laxton failed to demonstrate they were entitled to summary judgment on the basis of limitations, the special judge erred in granting judgment on that ground.

**III. Declarations on Funmilayo's Standing and Pro Se Representation.**

Funmilayo contends Aresco and Laxton failed to carry their burden to establish he has no standing to bring derivative claims on behalf of Velandera. As noted by Aresco and Laxton, however, Funmilayo's notice of appeal was perfected only as to Funmilayo in his individual capacity, and not in his capacity as a representative of Velandera's interests. *See McMahan v. Izen*, No. 01-20-00233-CV, 2021 WL 3919219, at *4 n.2 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, no pet. h.) (mem. op.). An individual acting in a representative capacity is distinctly separate from the same person acting as an individual. *Id.* Accordingly, the only party before this Court is Funmilayo in his individual capacity. *Id.*

Even if we were to conclude that Funmilayo's notice of appeal constituted a bona fide attempt to invoke this Court's jurisdiction over him in his representative capacity, Funmilayo is before us pro se and he concedes he is not a licensed attorney. Under Rule 7 of the Texas Rules of Civil Procedure, a person can only represent himself pro se and cannot litigate rights in a representative capacity. TEX. R. CIV. P. 7; *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.). A notice of appeal filed by a non-attorney in a representative capacity is ineffective. *Id.*; *Premier*

–10–

*Assocs., Inc. v. Louetta Shopping Ctr. Houston, L.P.*, No. 01-12-00369-CV, 2012 WL 4243802, at \*1 (Tex. App.—Houston [1st Dist.] Sept. 20, 2012, no pet.) (mem. op.) (per curiam) (notice of appeal filed by corporate representative that is not licensed attorney ineffective). Because Funmilayo in his representative capacity is not properly before us, we will not consider any issues challenging the judgment as it applies to the claims brought by Funmilayo derivatively on behalf of Velandera.

## Conclusion

Based on the foregoing, we need not address the remainder of Funmilayo's arguments. We reverse the trial court's judgment only to the extent it applies to Funmilayo in his individual capacity and remand the cause to the trial court for further proceedings consistent with this opinion.

/Amanda L. Reichek/
_____
AMANDA L. REICHEK
JUSTICE

200492F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

| | |
|---|---|
| GBENGA M. FUNMILAYO, Appellant | On Appeal from the County Court at Law No. 7, Collin County, Texas Trial Court Cause No. 007-02520-2019. |
| No. 05-20-00492-CV    V. | Opinion delivered by Justice Reichek. Justices Osborne and |
| ARESCO, LP and BRANDON LAXTON, Appellees | Pedersen, III participating. |

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** in part. We **REVERSE** the trial court's judgment only to the extent it applies to GBENGA M. FUNMILAYO in his individual capacity. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered November 30, 2021