**AFFIRMED and Opinion Filed June 27, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00027-CV

**JUSTIN A. JINRIGHT, Appellant**
**V.**
**NORTH TEXAS MUNICIPAL WATER DISTRICT, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02373-2016**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

In this appeal from a summary judgment, Justin A. Jinright contends the trial

court erred in sustaining the North Texas Municipal Water District's (the

"District's") objections to his summary judgment evidence and granting the

District's motion for traditional and no-evidence summary judgment. For the

reasons set forth below, we affirm the trial court's judgment.

## Background

This case arises out of an easement granted to the District in 2013 by three

property owners, including Jinright, for the purpose of constructing an underground

water pipeline. In 2016, the landowners filed suit alleging the District had violated

the terms of the easement and damaged their property. The landowners asserted claims for breach of contract, inverse condemnation, trespass, unjust enrichment, reformation of instrument, and mandamus relief.

The District filed a plea to the jurisdiction arguing the landowners failed to allege any basis on which the District's governmental immunity had been waived. Following a hearing, the trial court granted the District's plea with respect to the landowner's claims for trespass, unjust enrichment, and mandamus relief, but denied the plea as to the remaining causes of action.

The District then brought an interlocutory appeal challenging the trial court's denial of its plea to the jurisdiction as to the landowners' claims for breach of contract, inverse condemnation, and reformation of instrument. This Court concluded the trial erred in denying the District's plea with respect to the breach of contract and reformation causes of action and we rendered judgment dismissing those claims. *See N. Tex. Mun. Water Dist. v. Jinright*, No. 05-18-00152-CV, 2018 WL 6187632, at *8 (Tex. App.—Dallas Nov. 27, 2018, pet. denied) (mem. op.). We further concluded the trial court erred in denying the District's plea regarding the inverse condemnation cause of action to the extent that claim was based on the District's alleged taking of trees. *Id*. Accordingly, we also rendered judgment dismissing that portion of the inverse condemnation claim. *Id*. As to the remaining allegations made in support of the inverse condemnation claim, we concluded the trial court had jurisdiction to determine whether the District's purported failure to

comply with the terms of the easement constituted a "taking" for which the landowners were entitled to compensation. *Id*. at *7.

On remand, the landowners other than Jinright were dismissed from the suit for want of prosecution. The sole claim remaining in the suit, therefore, was Jinright's claim for inverse condemnation to the extent it was based on allegations other than the District's removal of trees. Jinright did not amend his petition after the case was remanded to the trial court, leaving his non-tree related allegations the same as addressed in our previous opinion: (1) failure to repair or replace fencing removed while working on the property; (2) failure to return the native topsoil removed from the easement, thereby damaging the property by altering its gradation; (3) storing equipment off easement; and (4) using a temporary road through the property as a main thoroughfare to an adjacent construction site. *Id*.

The District filed a combined no-evidence and traditional motion for summary judgment, arguing it was entitled to judgment as a matter of law on Jinright's inverse condemnation claim because Jinright could not show there had been a "taking" of his property. In the no-evidence portion of the motion, the District asserted Jinright had no evidence there had been a taking outside of what was granted to the District in the easement. More specifically, the District asserted:

> A. Jinright has no evidence that the soil and grading on the subject property was not restored in accordance with the Easement;
>
> B. Jinright has no evidence that the District caused damage as a result of any alleged soil/grading issues on the subject property;

–3–

C.  Jinright has no evidence that the District caused damage to the fencing on the subject property;

D.  Jinright has no evidence that the District stored equipment outside of the Easement;

E.  Jinright has no evidence that the District improperly used a temporary road as a main thoroughfare to other portions of the pipeline.

The District additionally contended Jinright had no evidence of any damages resulting from the alleged actions listed above.

In its motion for traditional summary judgment, the District contended its summary judgment evidence conclusively established it had restored Jinright's property in accordance with the easement's terms and, therefore, there had been no "taking."  The District further asserted it was entitled to summary judgment because Jinright failed to mitigate his damages regarding soil restoration and re-seeding.  In discussing its mitigation defense and the doctrine of avoidable consequences, the District stated that, while it "maintains that it has done all that was required under the Easement to restore the surface and property as close as reasonably possible to substantially the same condition it was prior to construction of the pipeline, it concedes that it has not re-seeded the Easement area."  The District went on to say that its failure to re-seed was only because Jinright had "repeatedly refused to allow the District and its contractor, S.J. Louis, access to do so."  The District cited to affidavits and copies of communications with Jinright that it submitted as summary judgment evidence in support of its argument.

In response to the District's motion for summary judgment, Jinright argued the District's no-evidence motion was "conclusory" and did not sufficiently challenge specific elements of his claim. He then listed eighteen exhibits he submitted as summary judgment evidence and summarily stated the court should deny the District's no-evidence motion because the exhibits raised a genuine issue of material fact on the "facts and elements" challenged by the District. Jinright did not specify what portions of the six-hundred pages of evidence he submitted were relevant to the District's challenges or how any of the evidence raised a fact issue.

With respect to the traditional motion, Jinright argued the District failed to meet its burden to show there had been no "taking" as a matter of law. Jinright listed various issues of fact he contended still existed, but did not address the District's summary judgment evidence. Jinright also did not reference his own summary judgment evidence other than exhibit "A," his affidavit, and exhibit "M," a letter from the Texas Commission on Environmental Quality ("TCEQ").

Jinright filed his summary judgment response electronically shortly before midnight seven days before the summary judgment hearing. Because of the size of the electronic files, the last four exhibits – O, P, Q, and R – were not filed until after midnight. Jinright filed a motion the next day requesting leave to file those four exhibits late.

On the morning of the hearing, the District filed extensive objections to all but one of the exhibits submitted by Jinright as summary judgment evidence. The only

exhibit to which the District did not object was exhibit "L," a certified copy of the easement at issue. Among the objections lodged by the District was that Jinright failed to reference most of the exhibits in his response to the summary judgment motion or identify the portions of the exhibits he wanted the court to consider as raising a fact issue. With respect to Jinright's affidavit, the District raised multiple additional objections including that certain statements made in the affidavit were irrelevant, and others were conclusory. With respect to the TCEQ letter, the District objected that the letter was hearsay, irrelevant, contained conclusory statements, was not produced in discovery, and its purported author was not designated as either a person with knowledge of relevant facts or a testifying expert.

One week later, the trial court signed an order sustaining all of the District's objections to Jinright's summary judgment evidence and struck the evidence in its entirety. The trial court then granted the District's traditional and no-evidence motions for summary judgment and dismissed the case. This appeal followed.

## Analysis

We review a trial court's granting of a summary judgment motion de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). Where, as here, the trial court grants a summary judgment on traditional and no-evidence grounds, we generally review the no-evidence motion first. *B.C. v. Steak N Shake Operations*, No. 05-14-00649-CV, 2020 WL 4435305, at *3 (Tex. App.—Dallas Aug. 3, 2020, no pet.)

### I. Specificity of No-Evidence Motion

Jinright contends the trial court erred in granting the District's no-evidence motion for summary judgment because the motion was conclusory. "A no-evidence motion that only generally challenges the sufficiency of the non-movant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law." *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied) (en banc). A no-evidence motion may be directed at specific factual theories or allegations. *Id*. But the challenge to a factual allegation must be connected to a no-evidence challenge to a specific element of a claim or defense. *Id*.

In this case, the District's motion for no-evidence summary judgment specifically targeted the "taking" element of Jinright's claim for inverse condemnation. *See Jinright*, 2018 WL 6187632, at *5 (to establish inverse condemnation claim, landowner must prove (1) the State intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use). The District then challenged each of the factual theories alleged by Jinright to support his assertion that a taking had occurred. We conclude the District's motion sufficiently met the requirements for a no-evidence summary judgment. *See Horton v. Stovall*, No. 05-16-00744-CV, 2020 WL 7640042, at *16 (Tex. App.—Dallas Dec. 23, 2020, no pet.) (mem. op.).

## II. Striking of Summary Judgment Evidence

Jinright also contends the trial court erred in granting the District's objections and striking his summary judgment evidence. We review the exclusion of summary judgment evidence for an abuse of discretion. *Gunville v. Gonzales*, 508 S.W.3d 547, 556 (Tex. App.—El Paso 2016, no pet.). To obtain reversal on the trial court's exclusion of summary judgment evidence, an appellant must establish both that the trial court abused its discretion and that the error was harmful such that it was calculated to cause, and probably did cause, the rendition of an improper judgment. *Id*. To meet the burden to establish harm, Jinright was required to show the excluded evidence was controlling on a material issue dispositive of the case, was not cumulative, and its absence resulted in an improper judgment. *Id*.

Jinright argues the trial court erred in failing to consider his motion for leave to file late summary judgment exhibits before ruling on the District's objections to his summary judgment evidence. Jinright's motion for leave pertained to only four exhibits, however, and none of them were referenced in his response to the District's motion for summary judgment. Jinright failed to show in the trial court, and fails to explain on appeal, how those exhibits were controlling, or even relevant, to a material issue in the case.

Similarly, Jinright fails to show how the exclusion of any of the other exhibits resulted in the rendition of an improper judgment. Although Jinright broadly argues the District's relevancy and hearsay objections were not well taken and lacked specificity, he does not address any of the exhibits specifically or the objections

made to them. *See Barnett v. Veritas DGC Land Inc.*, No. 14-05-01074-CV, 2006 WL 2827379, at *3 (Tex. App.—Houston [14th Dist.] Oct. 5, 2006, pet. denied) (global reference to all material submitted as summary judgment evidence fails to provide coherent argument). The only two exhibits Jinright referred to in his response to the motion for summary judgment were his affidavit and a letter from the TCEQ. As to those exhibits, the District objected not only on the grounds of relevancy and hearsay, but also on the basis that statements in the exhibits were conclusory and neither the letter nor its author were disclosed in discovery. Jinright does not address these objections in his appeal. Nor does he explain how those two exhibits, or any of his other exhibits, raised a genuine issue of material fact sufficient to defeat summary judgment. We conclude Jinright has not shown the trial abused its discretion or any harm resulting from the exclusion of his evidence. *Id.*; *see also Spa Castle, Inc. v. Miura N. Am., Inc.*, No. 02-16-00024-CV, 2017 WL 817149, at *2 (Tex. App.—Fort Worth Mar. 4, 2017, no pet.) (mem. op.).

## III. Propriety of the Summary Judgment

In its order granting summary judgment, the trial court stated it was granting the District's combined traditional and no-evidence motion for summary judgment in its entirety. When the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

"When a motion is presented under rule 166a(i) asserting there is no evidence of one or more essential elements of the nonmovant's claims upon which the nonmovant would have had the burden of proof at trial, the burden is on the nonmovant to present enough evidence raising a genuine fact issue entitling the nonmovant to trial." *Bill Jackson Assocs., Inc. v. Century Furniture Indus., Inc.*, No. 05-00-01424-CV, 2001 WL 1427905, at *3 (Tex. App.—Dallas Nov. 15, 2001, no pet.) (mem. op., not designated for publication). Because we have concluded Jinright has not shown that the trial court erred in striking his evidence, there is no responsive evidence for this court to review. *See id.*; *see also McCollum v. The Bank of New York Mellon Tr. Co.*, 481 S.W.3d 352, 362 (Tex. App.—El Paso 2015, no pet.) (trial court required to grant no-evidence summary judgment after all responsive evidence struck).

Jinright argues that, even without his evidence, the trial court erred in granting summary judgment because the District admitted in its motion that it had not re-seeded the easement area. Assuming without deciding the District's failure to re-seed the area alone could give rise to a valid "taking" claim, Jinright's argument is without merit.

As the District explained in its motion, and proved with summary judgment evidence, the only reason it did not re-seed the easement property was that Jinright prevented it from doing so on multiple occasions. A plaintiff cannot recover damages that do not proximately result from the defendant's breach of duty "and

thus damages that might be avoided or mitigated are not recoverable." *Pulaski Bank & Tr. Co. v. Tex. Am. Bank/Forth Worth, N.A.*, 759 S.W.2d 723, 735 (Tex. App.—Dallas 1988, writ denied). The District's summary judgment evidence was sufficient to show that any and all damages associated with its alleged failure to re-seed the easement were avoidable and, therefore, not recoverable by Jinright. *See id.*; *cf. Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 539 (Tex. 2013) ("owners of inversely condemned property cannot recover damages the government did not cause").

Finally, Jinright argues the District's no-evidence motion should have been denied because the District "failed to challenge all possible theories of liability which would sustain a "taking" claim." Jinright does not identify, however, any theories of liability, other than those challenged by the District, that he asserted to support his "taking" claim. In his response to the District's motion for summary judgment, Jinright referred to this Court's prior opinion as outlining the "takings" at issue. These are the same "takings" challenged by the District in its motion. The District was under no obligation to challenge a theory of liability that was not asserted.

Based on the forgoing, we conclude the trial court properly granted summary judgment in favor of the District.

–11–

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210027F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN A JINRIGHT, Appellant

No. 05-21-00027-CV          V.

NORTH TEXAS MUNICIPAL
WATER DISTRICT, Appellee

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-02373-
2016.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee NORTH TEXAS MUNICIPAL WATER DISTRICT recover its costs of this appeal from appellant JUSTIN A JINRIGHT.

Judgment entered June 27, 2022