**AFFIRMED and Opinion Filed May 14, 2024**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00208-CV**

**AARON HART WILLIAMS**
**D/B/A BASIC MATERIALS CONSULTANTS, Appellant**
**V.**
**TEXAS CONSTRUCTION AGGREGATES, LLC**
**AND MICHAEL D. ARNOLD, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03396**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

Aaron Hart Williams d/b/a Basic Materials Consultants ("Williams") appeals

a take-nothing summary judgment on his claims against Texas Construction

Aggregates, LLC ("TCA") and Michael D. Arnold. For reasons that follow, we

affirm the trial court's judgment.

### Background

Williams and TCA signed a Letter of Understanding and Agreement ("LOU")

in September 2020. Peter Lombardi signed the LOU on behalf of TCA. The LOU

involved "consulting services" Williams would provide to TCA. TCA wanted his help identifying parties interested in purchasing or leasing property in Tolar, Texas. The LOU provided:

> Both parties agree that a compensation arrangement for the Consultant will be determined *after* a qualified Buyer or Lessee of the property has been identified and *before* the final transaction of either has been consummated. The compensation will be scaled according to the value of the transaction and will be determined and agreed upon by both parties prior to the closing of property sale or lease agreement being executed. [Emphasis in original.]

Williams later sued TCA and Arnold, who he alleged was TCA's sole managing member. Williams alleged he found a buyer for the property, but the sale was consummated before TCA and Arnold entered into an agreement with him regarding his compensation. Although appellees offered him a "finder's fee," they rejected his demand for compensation based on the value of the transaction. Williams asserted claims against both TCA and Arnold for breach of contract, fraud, and DTPA violations.

At the same time they filed an answer, TCA and Arnold filed a traditional motion for partial summary judgment. They alleged Williams made judicial admissions in his petition that entitled them to judgment as a matter of law on the contract and DTPA claims. Williams filed a response to the motion and also an amended petition that dropped his DTPA claims and added quantum meruit and promissory estoppel as alternatives to breach of contract.

After time for discovery, TCA and Arnold supplemented their traditional summary judgment motion with a no-evidence motion on all Williams's claims. They challenged numerous elements of the causes of action. Williams's amended response included three exhibits—the LOU, a text message he purported was from Arnold to him, and TCA's Texas Franchise Tax Public Information Report. Williams also attached his own declaration in which he stated he had personal knowledge of the facts in his response and that those facts are true and correct. Williams argued the text message and LOU raised material fact issues

> on Defendants' challenge to the validity and enforceability of the Contract, that Arnold was a party to the Contract or, alternatively, a party to a verbal contract with Plaintiff; that Defendants knew or reasonably should have known that Plaintiff expected to be compensated for his services to Defendants; that Plaintiff provided valuable services to Defendants; that Defendants agreed to compensate Plaintiff for his services; that Plaintiff performed his contractual obligations; and that Plaintiff and Defendants had agreed upon a method of determining the amount of compensation.

In addition, Williams argued the Texas Franchise Tax document raised a fact issue on Arnold's individual liability for breach of contract.

In their reply, TCA and Arnold asserted that Williams failed to meet his burden to point out evidence to raise a fact issue on each of the challenged elements of his claims. They objected to Williams "simply mentioning three exhibits and claiming that they somehow constitute evidence on all specifically challenged elements." Further, they moved to strike Williams's declaration, the text message, and the Texas Franchise Tax document. They argued the declaration was a sweeping

verification that all facts in the response were true and correct and thus was not competent evidence. They also claimed the text message was not written by Arnold and moved to strike it and the tax document on several evidentiary grounds, including authenticity.

The trial court granted appellees' motion for summary judgment without specifying the basis for its ruling and ordered that Williams take nothing on his claims. The day after the judgment was signed, appellees asked the trial court to issue written rulings on the objections contained in their summary judgment reply. In an order signed 26 days after the judgment, the trial court sustained appellees' objection to Williams's failure to identify with specificity how his exhibits supported his response to the no-evidence motion. The court ruled that failure rendered his exhibits incompetent summary judgment evidence. The trial court also sustained appellees' objections to the declaration and the text message. The order states that "any ruling above sustaining an objection also constitutes an order striking the corresponding evidence."

## Analysis

In this appeal, Williams raises one issue in which he generally contends the trial court erred in granting summary judgment. The majority of his brief challenges the traditional summary judgment and whether appellees met their burden to show there were no genuine issues of material fact. Williams challenges the no-evidence summary judgment only on grounds that appellees' motion was conclusory.

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When, as in this case, the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Further, where the trial court grants a summary judgment on traditional and no-evidence grounds, we generally address the no-evidence grounds first. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 260–61 (Tex. 2020). When a motion is presented under rule 166a(i) asserting there is no evidence of one or more essential elements of the nonmovant's claims upon which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence raising a genuine fact issue entitling the nonmovant to trial. *Jinright v. N. Tex. Mun. Water Dist.*, No. 05-21-00027-CV, 2022 WL 2302167, at *4 (Tex. App.—Dallas June 27, 2022, no pet.) (mem. op.). The court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

Williams does not specify how appellees' no-evidence motion is conclusory. But a no-evidence motion that only generally challenges the sufficiency of the nonmovant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law. *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283 (Tex.

–5–

App.—Dallas 2013, pet. denied). Appellees' motion was not conclusory. For example, regarding the contract claim, appellees asserted that Williams had no evidence (1) of a valid contract between him and TCA or between him and Arnold, (2) that Williams performed or tendered performance pursuant to a contract with either TCA or Arnold, (3) that either TCA or Arnold breached a contract with Williams by failing to perform pursuant to the alleged contract, or (4) of alleged damages Williams suffered as a result of either appellee's breach of contract. The no-evidence motion clearly stated the elements of Williams's contract claim for which appellees claimed there was no evidence. The motion was similarly specific as to the challenged elements of Williams's claims for quantum meruit, promissory estoppel, and fraud as well.

Appellees' no-evidence motion was sufficient to invoke rule 166a(i)'s requirement that Williams come forward with sufficient evidence to raise a genuine issue of material fact on each of the challenged elements of his claims. *See, e.g., Jenkins v. Stewart Title Co.*, No. 05-12-00685-CV, 2013 WL 3487741, at *2 (Tex. App.—Dallas July 10, 2013, no pet.) (mem. op.). Williams's argument that the no-evidence motion was conclusory is his sole basis for overturning the no-evidence summary judgment on appeal.[1] He does not challenge the no-evidence summary

---

[1] Williams asserts appellees moved for traditional and no-evidence summary judgment based on a lack of consideration. He contends that because appellees did not plead the affirmative defense of lack of consideration, they were not entitled to summary judgment. Appellees' motions, however, did not raise any argument about consideration.

judgment on grounds that he raised a genuine issue of material fact on all the challenged elements of his claims. Further, his brief does not challenge or even mention the trial court's post-judgment order that struck his declaration and summary judgment evidence and ruled that his response failed to identify how his exhibits raised fact issues on the challenged elements. Williams maintains the trial court denied appellees' objections because the judgment recites that all relief requested by any party but not expressly granted is denied.

In challenging the traditional summary judgment, Williams states in his brief that the LOU raised various fact issues. To the extent this argument could somehow be considered a challenge to the no-evidence summary judgment, Williams does not address the issue of his damages. Appellees moved for summary judgment on grounds Williams had no evidence of the damages he suffered as a result of breach of contract or fraud, the "reasonable value" of his services under a quantum meruit theory, or reliance damages under his promissory estoppel theory. Williams does not argue that the LOU was evidence of his damages under any theory of recovery. Williams has failed to show that the trial court erred in granting summary judgment for appellees. We overrule his sole issue.

We affirm the trial court's judgment.

/Amanda L. Riechek/
AMANDA L. REICHEK
JUSTICE

230208F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON HART WILLIAMS D/B/A
BASIC MATERIALS
CONSULTANTS, Appellant

No. 05-23-00208-CV      V.

TEXAS CONSTRUCTION
AGGREGATES, LLC AND
MICHAEL D. ARNOLD, Appellees

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-03396.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Texas Construction Aggregates, LLC and Michael D. Arnold recover their costs of this appeal from appellant Aaron Hart Williams d/b/a Basic Materials Consultants.

Judgment entered this 14th day of May 2024.