**Affirmed and Memorandum Opinion filed January 25, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00246-CV

---

### KATHERINE MILLIKEN AND CHARLES MULHALL, Appellants

### V.

### STEPHEN MATHIASON, MICHAEL TUROFF, AND LUCY TUROFF, Appellees

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-01031**

---

## M E M O R A N D U M   O P I N I O N

In this case involving claims of fraud, defamation, trespass, and invasion of privacy, the plaintiffs challenge the no-evidence summary judgment in the defendants' favor. We affirm.

### I. BACKGROUND

Katherine Milliken and Charles Mulhall ("the Milliken Parties") sued Stephen Mathiason and their neighbors Michael and Lucy Turoff ("the Mathiason Parties")

for a variety of alleged actions. Under their fraud cause of action, they alleged that Mathiason filed a fraudulent complaint against Milliken with the Texas Medical Board and that Lucy Turoff filed a fraudulent lawsuit against Milliken.[1] The Milliken Parties also alleged that Michael and Lucy Turoff made defamatory statements about them on the internet; that Lucy Turoff trespassed on their property; and that the trespasses constituted an invasion of their privacy. The Mathiason Parties counterclaimed for sanctions for filing a frivolous lawsuit. After moving successfully for no-evidence summary judgment on each of the Milliken Parties' causes of action, the Mathiason Parties nonsuited their own claims, and the trial court signed an order dismissing their claims without prejudice. The interlocutory summary judgment merged into this final judgment.

The Milliken Parties bring this pro se appeal of the judgment against them on the grounds that (a) the summary-judgment motion is legally insufficient for lack of specificity, (b) the trial court erred in hearing the motion by submission despite their request for an oral hearing, (c) they produced evidence sufficient to defeat the motion, and (d) the Mathiason Parties "made false and misleading statements regarding the evidence that had been produced by [the Milliken Parties] to substantiate their claims."

## II. STANDARD OF REVIEW

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the

---

[1] In fact, the lawsuit was against both of the Milliken Parties, and Lucy Turoff won. *See Milliken v. Turoff*, No. 14-17-00282-CV, 2018 WL 1802207, at *1 (Tex. App.—Houston [14th Dist.] Apr. 17, 2018, no pet.) (mem. op.) and *Milliken v. Turoff*, No. 14-19-00761-CV, 2021 WL 2156224, at *1 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.).

nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We will affirm a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

### III. LEGAL SUFFICIENCY OF THE SUMMARY-JUDGMENT MOTION

In their first issue, the Milliken Parties correctly note that a defendant moving for no-evidence summary judgment must specify in the motion each element of the plaintiff's claim for which the defendant alleges there is no evidence. *See* TEX. R. CIV. P. 166a(i) ("The motion must state the elements as to which there is no evidence."). Failure to specify the challenged elements renders the no-evidence summary-judgment motion legally insufficient as a matter of law. *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 288 (Tex. App.—Dallas 2013, pet. denied).

The Milliken Parties argue on appeal that the motion fails to satisfy the specificity requirement because the motion includes statements characterizing their claims as "spurious, frivolous and groundless" and adding that "the actions [the Milliken Parties] seek remedy against, have already been tried in previous cases." The Milliken Parties assert that the motion is legally insufficient because the Mathiason Parties did not identify the claims that they contend are spurious, frivolous, groundless, or that have been previously tried.

The statements the Milliken Parties challenge on appeal were superfluous to the motion. The Mathiason Parties did not seek summary judgment on grounds that the Milliken Parties' claims were spurious, frivolous, groundless, or had been

previously tried; rather, the Mathiason Parties moved for no-evidence summary judgment on the Milliken Parties' claims of fraud, defamation, trespass, and invasion of privacy. The Mathiason Parties identified each element of these claims and stated that the Milliken Parties had no evidence of each element. Thus, the motion was legally sufficient. *See* TEX. R. CIV. P. 166a(i).

We overrule the Milliken Parties' first issue.

## IV. THE HEARING BY SUBMISSION

In their second issue, the Milliken Parties assert that they requested an oral hearing of the summary-judgment motion and "were not notified at the time of change regarding the ruling on the motion."

The record, which the Milliken Parties never cite, does not support their assertion that the hearing on the motion was ever changed. To the contrary, Milliken and Mulhall filed a summary-judgment response on December 12, 2019, in which they acknowledged that the motion would be "considered by the Court by submission for ruling at 9:00 a.m. on Monday, December 30, 2019, without an oral hearing." On the afternoon of December 23, 2019, Milliken alone filed a request for an oral hearing, but this is the only mention of an oral hearing; the record contains no indication that Milliken in fact set the summary-judgment motion for an oral hearing or that the request was granted or even brought to the trial court's attention. Moreover, the Milliken Parties filed an amended summary-judgment response three months later in which they repeated the identical language acknowledging that the motion had been set to be submitted in December 2019 "without an oral hearing."[2]

---

[2] The Milliken Parties' original summary-judgment response omitted a page, and three months after submission, but before the trial court's ruling on the motion, the Milliken Parties filed an amended response that included the missing page and attached the identical evidence. In the order granting summary judgment, the trial court recited, without limitation, that it considered "Plaintiff's response (if any)"; thus, we presume that the trial court considered the untimely

4

*See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam) (summary-judgment motions may be heard by submission).

We accordingly overrule this issue.

## V. ADEQUACY OF THE MILLIKEN PARTIES' SUMMARY-JUDGMENT EVIDENCE

The Milliken Parties next contend that there is more than a scintilla of evidence to support the elements of their claims challenged in the Mathiason Parties' no-evidence motion for summary judgment. We consider each of their causes of action separately.

### A. Fraud

To prevail on a fraud claim, a plaintiff must show that (1) the defendant made a material representation that was false, (2) the defendant either knew the representation was false or made the representation recklessly as a positive assertion without any knowledge of its truth, (3) the defendant intended to induce the plaintiff to act upon the representation, and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). The Mathiason Parties asserted in their summary-judgment motion that there was no evidence of any of these elements.

In response, the Milliken Parties argued only that Mathiason committed fraud against Milliken by filing a complaint against her with the Texas Medical Board in 2015 or 2016. They asserted that the complaint contained false statements and was subsequently dismissed.

---

amended response. *See B.C. v. Steak N Shake Operations, Inc*., 598 S.W.3d 256, 261–62 (Tex. 2020) (per curiam). We accordingly include the Milliken Parties' amended summary-judgment response in the scope of our review.

The only evidence offered in support of this assertion was a letter to Milliken from the Texas Medical Board stating that "the Disciplinary Process Review Committee recommended that this investigation be closed based on the information presently available." The letter contains no information that would support any element of the Milliken Parties' fraud claim. It also is unauthenticated, and thus, does not constitute competent summary-judgment evidence. *See In re Estate of Guerrero*, 465 S.W.3d 693, 706–07 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). Thus, the trial court properly granted summary judgment as to this cause of action.

## B. Defamation

In defamation claims among private individuals, the plaintiff must prove that (1) the defendant published a false statement of fact to a third party, (2) the statement was defamatory concerning the plaintiff, (3) the defendant's conduct was negligent, and (4) the plaintiff either sustained damages or the statement is defamatory per se such that general damages in a nominal amount are presumed. *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (orig. proceeding). The Mathiason Parties asserted that there was no evidence of any of these elements.

The Milliken Parties responded that Mathiason's complaint about Milliken to the Texas Medical Board was defamatory, but they offered no evidence in support of that assertion. They also asserted that in a 2010 case in which Mulhall sued Mathiason for unpaid rent on a commercial property, Mathiason filed an affidavit falsely asserting that he, Mathiason, had never negotiated to lease the property. In support of this position, the Milliken Parties attached Mathiason's affidavit and documents that appear to be two emails from Mathiason to Milliken. Because the emails are unauthenticated, they are not competent summary-judgment evidence and

cannot establish that Mathiason's affidavit is false. *See Estate of Guerrero*, 465 S.W.3d at 706–07.

The Milliken Parties additionally argued that Michael Turoff defamed them in a review posted on the website of the Mathiason Parties' attorney Michael West. In the review, Michael wrote as follows:

> **Nine Great Years of Service**
>
> Michael West has been my family's attorney for three separate cases in the past nine years. I[n] the first one, he defended two of my CAP colleagues and myself against a fraudulent lawsuit brought about by two individuals that claimed we had contracted with them for rental of a facility when we clearly were publicly acknowledged that the facility was permitted to be used by the Hobby Senior Squadron of the Civil Air Patrol rent free. The culmination of that lawsuit was when the plaintiffs were unable to explain how a signature line on the purported rental document had been obliterated by a "cut and paste forgery" of one of my colleague's signatures. Other witnesses testified as to the authenticity of our claims of being allowed to use the facility rent free without any obligations what-so-ever. The judgment in that case was that both sides went away and took nothing from each other but the judgment cleared my colleagues and myself of any obligation (past, present and future) to the plaintiffs. . . .

Here, too, the document was unauthenticated, and in any event, the Milliken Parties produced no evidence that any statement in the review was false. Thus, the trial court properly granted the Mathiason Parties' summary-judgment motion on this cause of action.

## C.    Trespass

Trespass consists of entry onto another's property without the property owner's consent or authorization. *See Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015). The Mathiason Parties stated in their motion that there was no evidence of these elements.

The Milliken Parties responded that Lucy Turoff trespassed on Mulhall's driveway and front yard, and in support of this argument, they offered several photographs; however, the photographs are not authenticated, and thus, they are not competent summary-judgment evidence. *See Estate of Guerrero*, 465 S.W.3d at 706–07; *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied).

The Milliken Parties next asserted that Lucy Turoff trespassed upon Mulhall's mailbox, and in support of this position, they attached an unofficial copy of a trial transcript. In the transcript, Lucy was asked on direct examination, "[D]id you discuss with the Mulhalls and provide them any information about what property you actually owned as far as 0 Haywood Drive?" Lucy responded, "I had placed a large envelope, with the proper stamps, of course, in their mailbox that contained a copy of my warranty deed and a copy of the survey." The Milliken Parties produced no evidence that Lucy acted without Mulhall's authorization. *See Envtl. Processing Sys.*, 457 S.W.3d at 425 ("[L]ack of consent or authorization is an element of a trespass cause of action that a plaintiff must prove.").

Because the Milliken Parties failed to present evidence raising a fact question as to every challenged element of the cause of action, the trial court properly granted summary judgment against them on their trespassing claim.

## D. Invasion of Privacy

A successful claim for invasion of privacy of the type alleged here—that is, intrusion upon seclusion—requires proof that the defendant (1) intentionally intruded, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns; (2) the intrusion would be highly offensive to a reasonable person; and (3) the intrusion injured the plaintiff. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Rogers v. City of Houston*, 627 S.W.3d 777, 792 (Tex. App.—

Houston [14th Dist.] 2021, no pet.). The Mathiason Parties stated there was no evidence of any of these elements.

The Milliken Parties responded that Lucy Turoff invaded their privacy by physically trespassing on Charles Mulhall's property, by opening and entering Mulhall's mailbox, and by photographing Milliken as Milliken left for work.[3] But, the Milliken Parties' only competent summary-judgment evidence was the excerpt from an unofficial copy of a trial transcript containing Lucy's testimony that she placed a large, stamped envelope in Mulhall's mailbox. The Milliken Parties point to no evidence that this action injured them, and in the absence of such evidence, the trial court properly granted summary judgment against them on this claim.

Having addressed each of the Milliken Parties' causes of action, we overrule this issue.

## VI.  STATEMENTS REGARDING THE MILLIKEN PARTIES' EVIDENCE

In their final issue, the Milliken Parties assert that the trial court reversibly erred in granting summary judgment because the Mathiason Parties "made false and misleading statements regarding the evidence that had been produced by the [Milliken Parties] to substantiate their claims."

We are unable to discern any argument on this issue in the Milliken Parties' briefs. They do not identify any statement by the Mathiason Parties about any evidence the Milliken Parties produced to substantiate their claims, and they do not explain why the unidentified statement justifies reversal. Because the Milliken Parties have presented nothing for us to consider, we overrule this issue.

---

[3] Although the Milliken Parties made a few other factual assertions in their summary-judgment response, they did not attempt to support those additional assertions with evidence, and thus, those arguments could not have defeated the no-evidence motion for summary judgment.

9

## VII. CONCLUSION

When a defendant moves for no-evidence summary judgment, the trial court must grant the motion unless the plaintiff produces summary-judgment evidence sufficient to raise a genuine issue of material fact on the challenged elements of the plaintiff's claims. *See* TEX. R. CIV. P. 166a(i); *Kuentz v. Cole Sys. Grp., Inc.*, 541 S.W.3d 208, 213 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Because the Milliken Parties failed to satisfy this requirement, the trial court did not err in granting the Mathiason Parties' summary-judgment motion. We accordingly affirm the trial court's judgment.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Spain and Wilson.