**REVERSE and REMAND and Opinion Filed August 1, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-22-00141-CV

---

**JANET OLOYEDE AND OLU OLOYEDE, Appellants**
**V.**
**CITIZENS BANK, N.A., Appellee**

---

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-05931**

---

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Reichek

Janet Oloyede and Olu Oloyede appeal a summary judgment in favor of

Citizens Bank, N.A. ("Citizens Bank") in its suit for breach of a student loan

agreement. In four issues, the Oloyedes contend: Citizens Bank, an entity not named

as the lender in the agreement, failed to prove it had standing to collect the loan; the

trial court abused its discretion in overruling objections to the bank's summary

judgment evidence; and the judgment erroneously disposed of their counterclaims

and affirmative defense. Because the bank did not establish it was entitled to

traditional summary judgment on its claims and the trial court erroneously granted a

no-evidence summary judgment for the bank on the Oloyedes' counterclaims, we reverse and remand.

## Background

On January 10, 2008, Janet Oloyede, as student borrower, and Olu Oloyede, as cosigner, took out a student loan to finance Janet's college education. Both Janet and Olu signed a "Non-Negotiable Credit Agreement." The agreement and accompanying note disclosure statement identified the lender as RBS Citizens, N.A. ("RBS Citizens"). Olu also signed a "Notice to Cosigner," which referred to the credit agreement for the name of the lender. Payments were deferred until July 14, 2012.

In May 2021, Citizens Bank filed its original petition against the Oloyedes. The bank alleged "the original creditor" advanced funds to the Oloyedes pursuant to a credit agreement. The bank further alleged the Oloyedes failed to make the required payments and owed it $41,156.16. Citizens Bank asserted a breach of contract claim, alternative claims for account stated and quantum meruit, and also sought attorney's fees.

The Oloyedes each filed a pro se answer, using a form from a website. They checked boxes next to a list of affirmative defenses. And in a space provided for additional affirmative defenses, they asserted the bank failed to perform conditions precedent and failed to mitigate. In that space, they also alleged the bank did not release a copy of the signed agreement and failed to prove Truth-in-Lending

–2–

disclosures were given and that therefore "the monies received were not legally binding which violates the Fair Debt Collection Practices Act and the Higher Education Opportunity Act of 2008."

Citizens Bank moved for traditional and no-evidence summary judgment. The motion for summary judgment conflictingly asserted the Oloyedes "entered into an agreement with Citizens Bank, N.A." and also that the bank acquired the records associated with the Oloyedes' account from "the original creditor." The bank sought traditional summary judgment on its claims for breach of the credit agreement and account stated and presented three affidavits with supporting documents. The bank also asserted the Oloyedes had no evidence of any element of their affirmative defenses and no evidence the bank violated any State or Federal debt collection act.

After the motion for summary judgment was filed, the Oloyedes hired counsel. On February 7, 2022, seven days before submission of the motion, the Oloyedes filed four documents—a first amended answer, an original counterclaim, a plea to the jurisdiction, and a response to the motion for summary judgment. In their amended answer, the Oloyedes dropped the affirmative defenses in their original answers and raised a new affirmative defense, limitations.

In a separate document, they asserted counterclaims for violations of Chapter 392 of the Texas Finance Code, known as the Texas Debt Collection Act. The Oloyedes alleged Citizens Bank was a debt collector who violated § 392.301 of the Act by using criminal means to cause harm to a person or property and by threatening

to take an action prohibited by law. *See* TEX. FIN. CODE ANN. § 392.301(a)(1) & (8). They further alleged the bank violated § 392.304 of the Act by misrepresenting the character and amount of a consumer debt and the status of the debt in a judicial proceeding and by using false representations and deceptive means to collect a debt. *See id.* § 392.304(a)(8) & (19). The Oloyedes asserted the bank's violations of Chapter 392 were also violations of the Texas Deceptive Trade Practices Act. *See id.* § 392.404 (violation of Chapter 392 is also actionable under DTPA).

In both their plea to the jurisdiction and their summary judgment response, the Oloyedes argued Citizens Bank lacked standing to bring a suit on the credit agreement because Citizens Bank did not originate the loan and did not demonstrate it had a justiciable interest in the controversy. Their summary judgment response also raised objections to the bank's summary judgment evidence.

No hearing was held on the summary judgment motion. On July 15, 2022, the trial court signed a written order overruling all of the Oloyedes' objections to the bank's summary judgment evidence and overruling their argument about standing. That same day, the court granted summary judgment in favor of Citizens Bank. The court ordered that Citizens Bank was entitled to recover from Janet Oloyede and Olu Oloyede, jointly and severally, $41,156.16, attorney's fees of $1,500, conditional appellate attorney's fees, costs, and post-judgment interest. The judgment recites that all relief not expressly granted is denied and purports to finally dispose of all claims and parties. This appeal followed.

**Applicable Law**

To recover on a claim for breach of a note, a plaintiff must establish (1) the existence of the note in question, (2) the defendant signed the note or the guaranty, (3) the plaintiff is the owner and holder of the note, and (4) a certain balance is due and owing on the note. *Napoleon v. Strategic Dealer Servs., LP*, No. 05-15-04154-CV, 2017 WL 894540, at *3 (Tex. App.—Dallas Mar. 6, 2017, no pet.) (mem. op.).

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). A party moving for a traditional summary judgment has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The pleading of an affirmative defense does not, in itself, defeat a motion for summary judgment by a plaintiff whose proof conclusively establishes its right to summary judgment. *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28 (Tex. App.—Dallas 1992, no writ).

When a motion is presented under rule 166a(i) asserting there is no evidence of one or more essential elements of the nonmovant's claims upon which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence raising a genuine fact issue entitling the nonmovant to trial. *Jinright v. N. Tex. Mun. Water Dist.*, No. 05-21-00027-CV, 2022 WL 2302167, at *4 (Tex. App.—Dallas June 27, 2022, no pet.) (mem. op.). The court must grant

the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

Rule 166a(i) requires a no-evidence summary judgment motion to specifically state the element or elements of the nonmovant's claims for which there is no evidence. TEX. R. CIV. P. 166a(i); *Community Health Sys. Prof. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017). The Texas Supreme Court has called for strict enforcement of this requirement. *Community Health*, 525 S.W.3d at 695. A no-evidence motion that only generally challenges the sufficiency of the nonmovant's case and fails to state specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law. *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied).

### Analysis

In their first issue, the Oloyedes contend the trial court erred in granting summary judgment for Citizens Bank on its claims because the bank failed to prove it had standing to collect the loan, as the credit agreement is between RBS Citizens and the Oloyedes. They assert that nothing in the record explains this discrepancy. Citizens Bank responds that it presented evidence it was the owner and holder of the note and directs this Court to an affidavit from John Masello. The bank also asks this Court to take judicial notice of the fact that RBS Citizens changed its name to Citizens Bank.

The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A plaintiff has standing when it is personally aggrieved. *Id.* The standing doctrine requires a real controversy between the parties that will actually be determined by the judicial declaration sought. *Id.* at 849. Without standing, a court lacks subject matter jurisdiction to hear the case. *Id.*

As summary judgment evidence, Citizens Bank provided affidavits from Masello, the bank's Collection Recovery Senior Specialist, and Christopher J.M. Jones, its Recovery Agency Manager, as well as a third affidavit about attorney's fees. Masello's affidavit states that he is the bank's records custodian and has personal knowledge of the facts in the affidavit. He states that records kept on the Oloyedes' account are attached to his affidavit, including a true and correct copy of the contract. The affidavit says, "Plaintiff is the owner and holder of this account."

Generally, in a suit on a note, an affidavit made on a bank officer's personal knowledge that identifies a note and the amount owed is not conclusory and is sufficient evidence to support a summary judgment. *American 10-Min. Oil Change, Inc. v. Metro. Nat'l Bank-Farmers Branch*, 783 S.W.2d 598, 601 (Tex. App.—Dallas 1989, no writ). Absent controverting evidence, such affidavit testimony together with a true and correct copy of a note proves ownership for summary judgment purposes. *Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex.

App.—Dallas 1994, no writ); *see Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam); *Colvest Mortg. Inc. v. Thompson*, No. 05-98-00384-CV, 2000 WL 1100879, at *2 (Tex. App.—Dallas Aug. 8, 2000, pet. denied) (not designated for publication).

Masello's affidavit does not have the loan documents attached to it as required by the rules of civil procedure. *See* TEX. R. CIV. P. 166a(f) (sworn or certified copies of all papers referred to in summary judgment affidavit shall be attached thereto or served therewith); *see also Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied) (affidavit is substantively defective when absence of referenced papers from summary judgment evidence makes affidavit conclusory); *Acrey v. Kilgore & Kilgore, PLLC*, No. 05-15-01229-CV, 2017 WL 1173830, at *3 (Tex. App.—Dallas Mar. 30, 2017, no pet.) (mem. op.). The credit agreement, notice to cosigner, and note disclosure statement are instead attached to Jones's affidavit.[1] Because the loan documents are part of the summary judgment record, we will consider them in conjunction with Masello's affidavit. Even so, the documents do not support Masello's conclusion that Citizens Bank is the owner and holder of the account. The documents refer to the lender as "RBS Citizens." Masello's affidavit contains no underlying facts to support his conclusion that Citizens Bank owns the

---

[1] It appears the documents attached to Masello's affidavit were meant to be attached to Jones's affidavit and vice versa. Jones's affidavit does not mention the agreement between the parties or even mention the Oloyedes. His affidavit states that when an account is placed in collection, there is an electronic spreadsheet that shows the charge-off balance. Jones indicates that a spreadsheet is attached, but there are no spreadsheets attached to his affidavit.

account. *See Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150, 160–61 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (bank failed to conclusively establish it was owner and holder of note where documentary evidence cast doubt on averment in affidavit that it was owner and holder), *disapproved of on other grounds by B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 262 n.30 (Tex. 2020). Citizens Bank's summary judgment proof did not conclusively establish that it was the owner and holder of the account.

In its brief, Citizens Bank asks this Court to take judicial notice of the fact that RBS Citizens and Citizens Bank are the same entity. It directs us to the website of the Federal Deposit Insurance Corporation, which shows that RBS Citizens changed its name to Citizens Bank on April 16, 2014. *See* [BankFind Suite: Institution Details (fdic.gov)](fdic.gov) (last visited July 24, 2023).

Courts may judicially notice an adjudicative fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b). Courts may take judicial notice of certain matters at any time, even on appeal. *City of Glenn Heights, Tex. v. Sheffield Dev. Co.*, 55 S.W.3d 158, 162 (Tex. App.—Dallas 2001, pet. denied). As a general rule, appellate courts do so "only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law," such as the calculation of prejudgment interest. *Id.* at 162–63 (quoting *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 840–41 (Tex. App.—Dallas

–9–

1991, no writ)).  Appellate courts are reluctant to take judicial notice of matters which go to the merits of a dispute.  *SEI Bus. Sys.*, 803 S.W.2d at 840–41.  To do so runs the risk that an appellate court is effectively functioning as one of original, not appellate, jurisdiction.  *City of Glenn Heights*, 55 S.W.3d at 163.

We take judicial notice of the name change because it impacts the trial court's jurisdiction and our jurisdiction.  If Citizens Bank did not own the Oloyedes' account, it would not have standing to bring this lawsuit and we would be required to dismiss for lack of jurisdiction.  *See Webb v. Voga*, 316 S.W.3d 809, 815 (Tex. App.—Dallas 2010, no pet.). We decline, however, to take judicial notice of the name change to uphold the summary judgment because the name change goes to the merits of the case.  Nothing in the record indicates Citizens Bank asked the trial court to take judicial notice that RBS Citizens changed its name to Citizens Bank or informed the trial court that RBS Citizens and Citizens Bank were the same entity. Nor did the bank present any argument to the trial court that might have prompted it to take judicial notice on its own.  *See* TEX. R. EVID. 201(c)(1); *PNC Mortg. v. Howard*, 618 S.W.3d 75, 82 (Tex. App.—Dallas 2019), *rev'd on other grounds*, 616 S.W.3d 581 (Tex. 2021).  To the contrary, both the bank's petition and motion for summary judgment suggested there was a different "original creditor."  Because Citizens Bank did not prove in the trial court that it was the lender, the trial court erred in granting traditional summary judgment for the bank.  We sustain the Oloyedes' first issue.

In their second and third issues, the Oloyedes contend the trial court erred in overruling various objections to Jones's and Masello's affidavits, as well as the attorney's fees affidavit. They argue the trial court should not have considered the affidavits. Because we have determined the trial court erred in granting traditional summary judgment, even with the bank's affidavits, we need not consider the Oloyedes' evidentiary complaints. *See* TEX. R. APP. P. 47.1.

In their fourth issue, the Oloyedes argue the trial court erroneously disposed of their counterclaims and their limitations defense when it granted summary judgment for the bank. We agree that by granting summary judgment on the Oloyedes' counterclaims, the trial court granted more relief than the bank requested.

The Oloyedes acknowledge that Citizens Bank did not have an obligation to negate their affirmative defense. But they argue the bank's own summary judgment proof demonstrated that its claims were time barred, at least as to some of the allegedly missed payments, and thus their limitations defense should have barred the granting of summary judgment. Because we have concluded that Citizens Bank did not establish that it was entitled to summary judgment on its claims, it is unnecessary for us to consider whether a limitations defense also precluded summary judgment. *See id.*

Next, the Oloyedes contend the trial court's judgment erroneously disposed of their counterclaims. They assert that because the bank's motion for summary judgment was filed before they pleaded counterclaims, the bank did not move for

–11–

summary judgment on their claims.[2]   Citizens Bank argues that its no-evidence motion encompassed violations of the Texas Debt Collection Act, which form the basis for the counterclaims, and contends it is entitled to summary judgment because the Oloyedes did not present any evidence in response to the motion.

Summary judgment may only be granted upon grounds expressly asserted in the summary judgment motion. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Granting summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error. *Id.*

It is not clear that the Oloyedes' original pro se answers, which were their live pleadings when the bank moved for summary judgment, asserted any counterclaims. They stated the bank violated the Fair Debt Collection Practices Act in a space provided for additional affirmative defenses. But if the Oloyedes' original answers could be said to assert a counterclaim for violation of the Texas Debt Collection Act, any claim was based on the bank's alleged failure to provide copies of the loan agreement and certain disclosures. These are not the same violations of the Act alleged in the Oloyedes' Original Counterclaim, filed after the bank moved for summary judgment. And their Original Counterclaim asserted a DTPA claim, which was not mentioned in the pro se answers. The bank did not move for summary

---

[2] The trial court's judgment expressly disposes of all claims and thus is a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

judgment on the claims contained in the Original Counterclaim, and thus the trial court erred in disposing of the Oloyedes' counterclaims.

Even if the bank's no-evidence motion for summary judgment encompassed the Oloyedes' counterclaims, the bank did not comply with rule 166a(i)'s requirement to specifically state the elements of the counterclaims for which there is no evidence. TEX. R. CIV. P. 166a(i); *Community Health*, 525 S.W.3d at 695. Its motion merely asserted that "Defendants can present no evidence of a violation of any Federal or State debt collection act and this claim must be dismissed as a matter of law." This general challenge is fundamentally defective and cannot support summary judgment. *Jose Fuentes Co.*, 418 S.W.3d at 283. The no-evidence motion was not sufficient to invoke rule 166a(i)'s requirement that the Oloyedes come forward with sufficient evidence to raise a genuine issue of material fact on their counterclaims. *See Jenkins v. Stewart Title Co.*, No. 05-12-00685-CV, 2013 WL 3487741, at *2 (Tex. App.—Dallas July 10, 2013, no pet.) (mem. op.). For these reasons, the trial court erred in granting summary judgment against the Oloyedes on their counterclaims. We sustain the Oloyedes' fourth issue.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

220141F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JANET OLOYEDE AND OLU
OLOYEDE, Appellants

No. 05-22-00141-CV      V.

CITIZENS BANK, N.A., Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-05931.
Opinion delivered by Justice
Reichek. Justices Nowell and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants JANET OLOYEDE AND OLU OLOYEDE recover their costs of this appeal from appellee CITIZENS BANK, N.A.

Judgment entered this 1st day of August 2023.